UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-00207-SEB-TAB-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| CHARLES E. HAHN, II | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:14-cr-00207-SEB-TAB ) |
| CHARLES E. HAHN, II, | ) -01 ) |
| Defendant. | ) ) |

**ORDER**

Defendant Charles Hahn, II, has filed his motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 59. Mr. Hahn seeks an order reducing his sentence to time served.[1] Dkt. 66. For the reasons explained below, his motion, dkt. [59], is **DENIED**.

---

[1] To the extent, Mr. Hahn asks the Court to order that he serve the rest of his sentence on home confinement, his request is denied. Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). Likewise, the CARES Act expands the powers of the Attorney General and the Director of the Bureau of Prisons to place inmates on home confinement, but it does not expand the courts' ability to do so. *See* Pub. L. No. 116-136, 134 Stat. 281, 516 (2020) (CARES Act § 12003(b)(2)). The Court therefore does not have the authority to order the remainder of Mr. Hahn's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement); *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Mr. Hahn's sentence to time served. *See United States v. Millbrook*, No. 20-2147, 2021 WL 960743, at *2 (7th Cir. Mar. 15, 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

## I. Background

On February 9, 2015, Mr. Hahn pled guilty to possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Dkt. 36. Upon execution of a search warrant at Mr. Hahn's residence on June 11, 2014, Federal Bureau of Investigation agents observed Mr. Hahn on the driver's side of a truck, parked on his property. Dkt. 39 at 4. Agents detained Mr. Hahn and located a loaded firearm in the right pocket of his pants. *Id.* A search of the truck uncovered 60.73 grams of methamphetamine which was later confirmed at 99% purity after laboratory testing. *Id.* A search of his residence uncovered three additional firearms, under Mr. Hahn's pillow and in or near his bedroom. *Id.* Agents located 21 grams of marijuana in the nightstand next to his bed and seized a total of $8,091 in U.S. currency from the home. *Id.*

In the course of the prosecution, the United States filed an Information pursuant to 21 U.S.C. § 851 ("851") alleging that Mr. Hahn had a prior felony narcotics conviction. Dkt. 32. As a result, under the law as it existed at the time, he faced a mandatory minimum sentence of 20 years. *See* 21 U.S.C. § 841(b)(1)(viii) (effective Aug. 3, 2010 to Dec. 21, 2018). On April 8, 2015, Mr. Hahn was sentenced to 240 months imprisonment (representing the mandatory minimum sentence), followed by 10 years of supervised release. Dkt. 48. Mr. Hahn has been incarcerated for less than 7 years. The Bureau of Prisons ("BOP") lists Mr. Hahn's anticipated release date, including good-conduct time, as November 9, 2031. *See*   https://www.bop.gov/inmateloc/

Mr. Hahn is 50 years old. He is currently incarcerated at FCI Williamsburg in South Carolina. As of July 12, 2021, the BOP reports that 2 inmates and 4 staff members at FCI Williamsburg have current active cases of COVID-19; it also reports that 194 inmates at FCI Williamsburg have recovered from the virus and that 3 inmates at the facility have died from the

virus. *See* https://www.bop.gov/coronavirus/index.jsp (last visited July 12, 2021).[2] Mr. Hahn does not contend that he ever tested positive for COVID-19. Moreover, the BOP has made the COVID-19 vaccine available at FCI Williamsburg. As of July 12, 2021, the BOP reports that nearly 60% of the inmates at FCI Williamsburg have been fully inoculated against COVID-19. *See* https://www.bop.gov/coronavirus/ (last visited July 12, 2021) (reporting that 866 inmates at FCI Williamsburg have been fully inoculated); *see also* https://www.bop.gov/locations/institutions/wil/ (last visited July 12, 2021) (reporting that 1,520 inmates are housed at Williamsburg, including 1,436 inmates at FCI and 84 inmates at the satellite camp).

In August 2020, Mr. Hahn filed a *pro se* motion for compassionate release. Dkt. 59. The Court appointed counsel. Dkt. 62; dkt. 63. Appointed counsel filed a memorandum in support of the motion, dkt. 66, the United States responded, dkt. 69, and Mr. Hahn replied, dkt. 70. Mr. Hahn also filed a supplement to his motion. Dkt. 74. Thus, the motion is now ripe for resolution.

## II. Legal Standard

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First

---

[2] The Court acknowledges Mr. Hahn's filing of supplemental information regarding the numbers of positive inmates and staff members, and that one of three inmate deaths involved an individual from Mr. Hahn's dorm. Dkt. 74.

Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018).  The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[3] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

---

[3] The United States concedes that Mr. Hahn appears to have exhausted his administrative remedies. Dkt. 69 at 2.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . ."). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by

6

prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Hahn does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. Instead, he asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.

### III. Discussion

Mr. Hahn seeks release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 66. Specifically, he contends that his underlying medical conditions (including COPD, hepatitis C, and being a former smoker), which make him more susceptible to severe complications from COVID-19, establish extraordinary and compelling

reasons to warrant his immediate release. In response, the United States argues that Mr. Hahn has not established extraordinary and compelling reasons for release because his medical conditions do not rise to a level justifying such relief. Specifically, the United States contends that Mr. Hahn tested negative for hepatitis on May 5, 2020, that he suffers from COPD as a result of his "history of extensive cigarette smoking," that BOP physicians have provided appropriate treatment despite Mr. Hahn's "poor medication compliance," and that his condition is not significant. Dkt. 69 at 7-8. The Court does not need to resolve this dispute[4] regarding Mr. Hahn's medical conditions, however, because even if it assumes for the purposes of these motions that Mr. Hahn has established extraordinary and compelling reasons that could potentially warrant compassionate release, the applicable 28 U.S.C. § 3553(a) sentencing factors weigh against relief.

Pursuant to § 3553(a), the following are relevant factors for the Court to consider at sentencing: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of

---

[4] Likewise, because the Court finds that the applicable 28 U.S.C. § 3553(a) factors are dispositive in its resolution of Mr. Hahn's motion, it need not address the arguments raised by the United States that Mr. Hahn is a danger to the community as provided in 18 U.S.C. § 3142(g).

the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Hahn's motion.

Here, Mr. Hahn claims to be at increased risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.htm (last visited July 12, 2021) (identifying COPD, current or former smoking, and liver diseases as conditions that can make you more likely to get severely ill from COVID-19). In addition, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. On the other hand, the chances that Mr. Hahn will contract COVID-19 have been significantly reduced in recent months. Though there have been some outbreaks at the facility in which Mr. Hahn is housed, the current statistics show that those numbers have been reduced. Moreover, nearly 60% of the inmates at FCI Williamsburg have been fully inoculated against COVID-19, which should provide some protection to Mr. Hahn. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited July 12, 2021) ("COVID-19 vaccination can reduce the spread of disease overall, helping protect people around you."). In short, the Court is aware of the risk that Mr. Hahn faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

Weighing in Mr. Hahn's favor in the analysis of the § 3553(a) factors are his achievements during his incarceration including maintaining stable employment working in the Food Service Department as an orderly, his enrollment in a GED program, and his completion of drug counseling. Dkt. 66 at 3. The Court commends Mr. Hahn for this progress. If released, Mr. Hahn plans to reside with his mother in Indiana and work full-time as a concrete foreman with his former stepson. Dkt. 66-7; dkt. 66-8. The prospect of family support and steady employment would likely

provide some stability as Mr. Hahn transitions back to being a law-abiding member of society. He does not appear to have a history of criminal convictions for violence. *See* dkt. 39 at 6–11.

Finally, the Court acknowledges that, when considering a motion for sentence reduction under the First Step Act, it may consider "new statutory minimum or maximum penalties; current Guidelines, post-sentencing conduct, and other relevant information about a defendant's history and conduct." *United States v. Hudson*, 967 F.3d 605, 609 (7th Cir. 2020) (considering motions for sentence reduction under § 404 of the First Step Act). On that point, the Court notes that, if Mr. Hahn were sentenced today, he would likely face a lower mandatory minimum sentence—15 years if the United States were still able to file an information under § 851 under the current law, and 10 years if it were not able to do so. *See* 21 U.S.C. § 841(b)(1)(viii) (effective Dec. 21, 2018).

There are, however, other facts that weigh heavily against Mr. Hahn. Mr. Hahn is currently incarcerated for a crime involving multiple narcotics (methamphetamine and marijuana)—in addition to possession of multiple firearms, found both on his person and in his home, along with cash proceeds for his drug related transactions. Dkt. 39. Mr. Hahn distributed methamphetamine routinely to several regular customers prior to his arrest. Dkt. 68-2. While it is true that Mr. Hahn might face a mandatory minimum sentence as low as 10 years if sentenced today, he also admits that, if sentenced today his guidelines range without the § 851 enhancement would be 151 to 188 months, or approximately 12.5 to 15.5 years. Dkt. 70 at 7. Under his original sentence, Mr. Hahn still has over 10 years remaining, and under the reduced guideline range above, he still would have approximately half of the sentence left to serve.

Moreover, this is not Mr. Hahn's first commission of a drug-related offense. The Presentence Investigation Report indicates that at the time he was interviewed, Mr. Hahn admitted that he supported himself by selling drugs and had never held legitimate gainful employment. Dkt.

39 at 13. His criminal history is lengthy, with adult convictions beginning in 1989 at age 18, to his present crime in 2014. *Id.* at 6-11. His prior criminal record consists of multiple misdemeanor convictions and 6 felony convictions, including operating a vehicle while intoxicated, theft, habitual traffic violations, and felony drug possession. *Id.* During this timeframe, Mr. Hahn's probation was revoked numerous times. *Id.*

Mr. Hahn contends that the commission of his instant crime was due to his addiction to methamphetamine, but that "he has confronted these issues that led him to commit his crime." Dkt. 66 at 21. But, the Court is troubled by Mr. Hahn's conduct at the BOP. For example, as recently as February 2020, Mr. Hahn's BOP medical records indicate that he was caught smoking an illicit drug and presented with symptoms of intoxication, and no medication had been prescribed to him to cause such behavior. Dkt. 68-1. Further, Mr. Hahn's disciplinary records indicate that he has been disciplined for various violations as recently as within the last year. Dkt. 68-3 (Hahn's disciplinary data). In 2018, Mr. Hahn admitted to possession of a homemade pipe but denied that it was used for drugs. *Id.* This track record poses a risk that Mr. Hahn would not comply with any terms of supervised release this Court might set.

In light of these circumstances, the Court finds that releasing Mr. Hahn now would not reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. Certainly, the Court is sympathetic to the risks that prisoners with underlying conditions such as Mr. Hahn face from COVID-19, but it cannot find that the current magnitude of those risks warrants releasing him from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because

11

defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether the compassionate release would undermine the goals of the original sentence).

### IV. Conclusion

For the reasons stated above, Mr. Hahn's motion for compassionate release, dkt. [59], is **DENIED.**

**IT IS SO ORDERED.**

Date: 7/19/2021

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

All Electronically Registered Counsel